NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIXI ALEYDA VELASQUEZ; et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-665

Agency Nos.
A212-988-616
A212-988-614
A212-988-615

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2023[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Dixi Aleyda Velasquez and her two children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ's") decision

denying their applications for asylum, withholding of removal, and protection

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We grant in part, deny in part, and remand the petition for review.

The BIA denied asylum and withholding of removal on the basis that petitioners failed to establish a nexus to their family-based particular social group. Substantial evidence does not support that determination. *See, e.g., Parada v. Sessions*, 902 F.3d 901, 910-11 (9th Cir. 2018) (evidence that applicant was persecuted in retaliation for his brother's conduct established nexus to family as a protected ground); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (an asylum applicant establishes that a protected ground was "one central reason" for persecution where the persecutor would not have harmed the applicant absent that motive); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (the less demanding "a reason" standard applies to withholding of removal claims).

Additionally, the BIA stated it found no clear error in the IJ's finding that petitioners did not establish that any past or feared harm was or would be on account of a protected ground. Subsequent to the BIA's decision and the briefing in this case, this court held "the BIA must review de novo whether a persecutor's motives meet the nexus legal standards." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023).

Thus, we grant the petition for review in part and remand petitioners' asylum and withholding of removal claims to the agency for any necessary further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Because petitioners do not challenge the agency's denial of CAT protection, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**